UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chad Nicholas Nelson, | Case No. 23-cv-2031 (ECT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Keith Ellison, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge, pursuant to a general assignment made in accordance with 28 U.S.C. § 636, upon Plaintiff Chad Nicholas Nelson's Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983, (Compl. [Docket No. 1]), and his Application to Proceed in District Court Without Prepaying Fees or Costs. (IFP Application [Docket No. 2]).

For the following reasons, the Court recommends the present action be **DISMISSED without prejudice** and that Plaintiff's IFP Application, [Docket No. 2], be **DENIED**.

Plaintiff[1] initiated the present action by filing his Complaint. [Docket No. 1]. Plaintiff's Complaint names two defendants: (1) Keith Ellison, Minnesota's attorney general, and (2) Carrie Sperling, who Plaintiff identifies as an "assistant attorney general" in the Office of the Attorney General's Conviction Review Unit ("CRU"). (See Compl. [Docket No. 1] at 4).[2] Plaintiff's Complaint presents only one paragraph of substantive allegations. (See Compl. [Docket No. 1] at 4).

---

[1] Plaintiff is presently incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota, after a 2017 conviction for second-degree felony murder. See State v. Nelson, No. A17-1429, 2018 WL 3966353, at *1 (Minn. Ct. App. Aug. 20, 2018).
[2] Citations to filed materials use the page numbers provided by the District's CM/ECF filing service.

In his Complaint, Plaintiff alleges that Defendant Ellison created the CRU "to investigate and steer wrongful convictions into exonerations." (Id.). Plaintiff submitted "[a]pplications" to the CRU asking it to review his conviction, however, Defendant Sperling has allegedly "denied both applications for relief to investigate [Plaintiff's] wrongful conviction." (Id.). Plaintiff claims that these denials have "den[ied] [him] due process, equal protection under the law, and [his] self-defense rights that are supposed to be protected by the Second Amendment." (Id.). For relief, Plaintiff requests "injunctive relief that orders the [CRU] to investigate [his] applications for review," and in particular to "investigate" a brief Plaintiff previously sent to the CRU. (Id. at 5).

Rather than submit this action's filing fee, Plaintiff submitted his IFP Application. [Docket 2]. Under the federal statute governing IFP proceedings, however, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a] case [proceeding IFP] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." Furthermore, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

As a threshold point, the court must determine the exact relief sought by Plaintiff. Plaintiff's relief request suggests that he simply wants the CRU to investigate his claims, but that wording is misleading, given that Plaintiff himself indicates that he already submitted applications for relief to the CRU which were reviewed and denied by the CRU.[3] Thus, investigation alone cannot be what Plaintiff wants; what he actually requests here is injunctive relief that would require the CRU to approve his application and to effectively exonerate him. Plaintiff appears to think that

---

[3] Put differently, if the relief sought by Plaintiff is for this Court to simply instruct the CRU to review Plaintiff's application, then Plaintiff's claim is moot because the CRU has already reviewed his application. It is the CRU's unfavorable determination on Plaintiff's application with which Plaintiff takes issue. Thus, Plaintiff initiated this action seeking an Order of this Court directing the CRU to approve Plaintiff's application.

2

he may get such relief by having this Court "import" his CRU applications into this Court. (See Compl. [Docket No. 1] at 5).

With this frame of reference in mind, it is evident that this action runs flatly into the so-called "favorable termination rule" of Heck v. Humphrey, 512 U.S. 477 (1994). Under that rule, "a § 1983 suit . . . that would 'necessarily imply' the invalidity of the fact of an inmate's conviction . . . is not cognizable under § 1983 unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence." Nelson v. Campbell, 541 U.S. 637, 646 (2004) (quoting Heck, 512 U.S. at 487 (ellipses added)); see also, e.g., Mitchell v. Kirchmeier, 28 F.4th 888, 895 (8th Cir. 2022).[4]

Here, Plaintiff's suit necessarily implies that his conviction should be overturned. Thus, this suit is not cognizable unless and until Plaintiff secures favorable termination of a challenge to his conviction or sentence. In the present case, Plaintiff does not allege having done so. Consequently, this suit is not cognizable.

The Court therefore recommends dismissing this action without prejudice.[5] Given this recommendation, the Court also recommends denying Plaintiff's IFP Application as moot.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Chad Nicholas Nelson's Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983, [Docket No. 1], be **DISMISSED without prejudice**; and

---

[4] To be sure, Nelson made this point about § 1983 actions seeking damages, but the Heck bar also applies to injunctive-relief requests. See, e.g., Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996); Evenstad v. Schnell, No. 20-cv-1464 (WMW/DTS), 2022 WL 617598, at *14 (D. Minn. Jan. 13, 2022) (citing Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005)), report and recommendation adopted, 2022 WL 616962 (D. Minn. Mar. 2, 2022).

[5] There is dispute within the Eighth Circuit as to whether the so-called Heck bar is jurisdictional. See Mitchell, 28 F.4th at 895 n.1 (citing cases); Brennan v. Cass Cnty. Health, No. 21-cv-1900 (ECT/LIB), 2023 WL 121943, at *4 n.3 (D. Minn. Jan. 6, 2023) (citing Baca v. City of Parkville, No. 5:19-cv-6057 (RK), 2022 WL 1477445, at *5–6 (W.D. Mo. May 10, 2022)). In this Court's view, it need not—so will not—address the point. Whether the Heck bar is jurisdictional or not, this Court can address the issue prior to service and use it to justify this action's dismissal.

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED**.

Dated: July 31, 2023             s/Leo I. Brisbois
                                 Hon. Leo I. Brisbois
                                 United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).